UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ARMANDO MONJARAZ,
Petitioner,
v.
JEREMY CASEY, Warden, et al.,
Respondents.

Case No.: 26-cv-5703-RSH-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 5, 2026, petitioner Armando Monjaraz, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in approximately 2004, and was detained in approximately November 2025. *See Monjaraz v. Casey*, No. 26-cv-00047-RSH-MMP, Dkt. No. 1. On January 22, 2026, this Court granted Petitioner's first habeas petition and ordered the Government to hold a bond hearing for Petitioner. *Id.*, Dkt. No. 8 at 2. Petitioner received a bond hearing, at which an Immigration Judge ("IJ") denied bond. *Id.*, Dkt. No. 14 at 1. Petitioner then filed a motion to enforce this Court's January 22, 2026 order, which this Court denied. *Id.* at 2.

On June 3, 2026, Petitioner filed a second petition for habeas corpus. *See Monjaraz v. Casey*, No. 26-cv-03381-RSH-JLB, Dkt. No. 1. After appointing counsel, this Court denied the petition on the ground that petitioner "again [sought] enforcement of the Court's January 22, 2026 order," and that "the bond hearing did not fail to comply with the Court's order . . . or deny Petitioner due process." *Id.*, Dkt. No. 15 at 2. The Court declined to "review the immigration court's weighing of the evidence" presented in the bond hearing on the ground that administrative exhaustion is "requir[ed] . . . for such claims of error." *Id.* The Court noted that its ruling was "without prejudice to Petitioner's pending bond appeal with the Board of Immigration Appeals" ("BIA"). *Id.*

Petitioner filed the instant Petition on October 5, 2026. ECF No. 1. Petitioner argues that his detention, which is approaching one year in length, has become unconstitutionally prolonged. *Id.* He also argues that the IJ incorrectly weighed the relevant factors in denying bond. *Id.* He seeks immediate release or a bond redetermination hearing. *Id.*

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

First, Petitioner's due process claim challenging his prolonged detention fails because he has received a bond hearing before an IJ. *See Rana v. Warden*, 2026 WL 3075979, at *1 (S.D. Cal. Oct. 14, 2026); *Singh v. Warden*, 2026 WL 3002672, at *2 (S.D. Cal. Oct. 6, 2026); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("[D]uration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by [8 U.S.C.] § 1226(a) and its implementing regulations." (internal quotation marks and citation omitted)).

Second, to the extent that Petitioner challenges the IJ's order denying bond, he has not exhausted his administrative appeal before the BIA and the Court declines to waive the prudential exhaustion requirement. The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond without first appealing that denial to the BIA. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . When a petitioner does not

exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it. The Court will not act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process—a process that is designed to allow the agency to correct its own errors. The Court declines to excuse or waive the prudential exhaustion requirement. This ruling is without prejudice to any challenge brought once the BIA has had the opportunity to address the IJ's denial of bond.[1]

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge

[1] Briefing before the BIA concluded on July 20, 2026. ECF No. 5-2 at 2.